Thank you, your honor. Ben Coleman for the appellant, Abdul Wahid. Unless the court had a different preference, I was going to start with the first issue in the brief. Yes, please. Which dealt with the consecutive sentence for the aggregated identity theft conviction. It's our position that even assuming plain error review applies in this instance, that under this court's decision in Castillo-Casiano, the four prongs of the plain error test have been satisfied. And that this court should remand so that the district court can consider the Vidal-Reyes reasoning. Would that affect which counts? Counts 1 through 3? It would affect counts 1 through 4, and then I guess 5, which is the aggravated identity theft. Well, 5 is a mandatory term, right? Correct. And 4 can't be adjusted, right? Correct. So this would affect counts 1 through 3, 6 through 10. Correct. What difference would this make in his sentence if we sent it back? Well, if he were to exercise his discretion under the Vidal-Reyes, we believe that Mr. Wahid's sentence could be reduced by 11 months, because the count at the very least 11 months. The count 4, which is the count that cannot be reduced. That's 108. Well, he calculated it as 108 months. It's our position that there was a one-level error in calculating count 4, because the base offense level, and it gets a little complicated, the base offense level for count 4 is a 6, whereas the base offense level for counts 1 through 3 is 7. But that's a different problem than the Vidal-Reyes issue, right? Well, I think they're tied together, because it's our position that because the guideline range for count 4, which is the only count that he can't lower, because that guideline range was lower by 11 months than the guideline range for counts 1 through 3, that he had the discretion to lower counts 1 through 3 by 11 months and then add the 24 months. I don't know if that's making sense. I know it's a little convoluted. But it's our position that what happened, the error in this case is that he did not calculate count 4, which is the predicate offense. He did not calculate the guideline range for that count separately. And if you calculate that count, the offense level would be 28, whereas the offense level for counts 1 through 3 is 29. So there's a one-level difference there. And he could have exercised his discretion and adjusted the sentence on counts 1 through 3 by 11 months to take into account the aggregated identity theft. All right. But to do that, you've got to uncouple the district or group does together, right? Once or four? Correct. So in order to accomplish what you're going to have to accomplish, you've got to reverse that as well, don't you? Well, ultimately, the counts, I think, group. But you have to first individually calculate the guideline range for each count. And then what you would have here is you would have, if we use the low end, you would have 108 months on counts 1, 2, and 3. You would have 97 months on count 4. And then what he could do is reduce counts 1 through 3 down to 97 months. And so he would have a total group for counts 1 through 4 of 97 months. And then he could add the two-year. What the record, the district court at some point actually says, I recognize that I have discretion. I just choose not to exercise it. What do you make of that statement? He exercises discretion. He's saying under 3553, I have discretion. And he said, but I can't get around the guidelines is what he kept on saying. And he said he also, because he never separately evaluated count number 4, and because Vidal Reyes hadn't been decided at the time of sentencing, it's our position that he could not possibly have understood that he had the discretion to lower the other counts so that he could take them. How is that clear? I see that that's one way you can read the record. But for plain error, it's not the only way you can read the record. He says, I don't see how I can justify going below the low term. That's a direct quote. And then the district judge says, I'm not in this particular situation going to persuade it that he somehow should not be sentenced under the guidelines in this particular situation. The crimes that he has committed are so numerous to so many victims that even though he's only charged with the number that's contained in the indictment, he cannot be argued that they're not anymore. So he's not confining himself to a strict guideline analysis. He's looking at the totality of the circumstances. Yes. However, I don't think he was looking at this particular issue. There's nothing in the record to indicate that he did. And because the case had not been decided at the time of sentencing, I think there's a strong suggestion that he could not have been taking this into account because the case law just simply didn't exist at the time, which is somewhat similar to in the Castillo-Castellano case. The district court was presented with requests for downward departure. The district court said, I'm just not going to do it. I'm not going to exercise my discretion. And then subsequently, a new case, a case was decided, which provided an alternative basis for the district court to exercise its discretion. And this court, even on the 20-hour review, sent it back and said, well, because the case hadn't existed at the time, the district court couldn't have done it. But one way it seems to me, and I'm interested in your argument, even if the district court had known that it had discretion in the way that Vidal-Reyes lays it out, it didn't sound from the statement I just read and from others that the district judge really wanted to give Mr. Waheed a break. I mean, it was just looking at it in a concrete way. What evidence is there in the record that he would have if he could have or if he thought that he could have? Well, I think the first is that he imposed a low end of the guideline range. And so that tends to suggest that at least he felt that the very bottom of the guideline range was permissible. And the other thing is that when he calculated the sentence, he said, well, it's 108 months, and then the 24 months, I have to add that on consecutive, that's required, I believe he said. And so if he understood that, well, maybe it wasn't required totally based on Vidal-Reyes, that he may have done something less. I do agree that these are tough facts, and obviously Mr. Waheed received a substantial sentence based on, particularly based on the conduct that he engaged in after his arrest. But because the district court imposed a low end and because it is such a substantial sentence for a nonviolent crime where somebody pled guilty, actually at least tried to somewhat cooperate with the government, and he doesn't, other than these traffic offenses, which is another issue, that's all he has in his record, there could have been possibly, the district court could have looked at it and said, well, you know, I think adding on the 24 months consecutively, that may be just a little bit over the top, a little bit harsh. I'll adjust it down a little bit to take into account that consecutive sentence. So if you did, but if you just stuck with the original sentence without the application of 1028A, he's still within the guideline range, isn't he, with his 132 months? Am I wrong on that? If you put the, if you put the. . . It's 108 to 135. . . Right, and the sentence is 132, right? Well, it's our position that if. . . No, I understand, but, I mean, that's what he ended up with. He did end up with almost the high end of. . . Yeah, of that range. Right. Yeah. But you told me you thought that he calculated the guidelines incorrectly. As to count number four. Right, yeah. Okay, you've got a little less than two minutes left. Do you want to reserve? I'll just reserve it. Okay. Thank you. Ms. Hudson. Thank you. May it please the Court, my name is Janet Hudson. I represent the United States. Counsel is urging this Court to find error in the district court based on a First Circuit case, which is not binding law in this circuit, and which is actually the exact opposite of the facts presented in this case. In the First Circuit case of Vidal-Reyes, you had a sentencing judge who made it clear that he wanted to give a lesser sentence. He thought a lesser sentence was appropriate, but he felt he had no discretion to give a lower sentence. Here you have exactly the opposite situation, where you have a judge who emphasized that he understood he had discretion to give a lower sentence. I take your point. But as a, I guess an initial matter, does the government disagree with the First Circuit's decision? Yes, Your Honor. But I would also distinguish that case in many ways. No, I know you can distinguish it, but I want to know whether the judge's position is good law or not. Here's why. Reading that case, the judge, or the opinion, suggests that the judge felt that there was, that the guideline sentence of 15 months plus the mandatory consecutive two years was too much, partly in light of the fact that this particular individual was not trafficking in stolen identities. He was the end user of the stolen identity for his own purposes. He was trying to get a U.S. passport or a U.S. birth certificate. I think I'm not putting my question well. I don't want to divert you from your answer. But let's assume you had the same fact pattern as Vidal-Reyes presented in this circuit. Is it the government's position that Vidal-Reyes would be applicable and correctly decided under that fact pattern? No, Your Honor. Okay. Go ahead. What I was trying to get at was that in that case, the crime that was the predicate felony for the enhancement, the 1028A enhancement, was not charged in the indictment. So all of the counts in that indictment were nonpredicate felonies. And the judge felt he couldn't give a lesser sentence, that he had to give the guideline sentence plus the two consecutive. It seems to me that rather than saying, I can't depart downward from the guideline sentence for the nonpredicate felonies, he could have said, I think a departure is appropriate. I think the 15 months is not an appropriate sentence in light of the fact that this person is an end user of the stolen identity, not a trafficker. I think there were reasons that he could have used, similar to the way the judge here could have used 3553 factors to depart downward and come up with a lower or below guidelines sentence to which then the two years consecutive would have been added. He clearly could have done that if he thought that the overall sentence as calculated by the guidelines plus the two years was too high. So I don't think you need to reach the issue of can you reduce the sentence on a nonpredicate felony for the sole reason of reducing the overall sentence where there's no other justification for a lower sentence. In Vidal-Reyes, if you read the opinion, there is an indication that there was some justification. Clearly, the sentencing judge believed that there was ample justification for a lower sentence. Here, the record is devoid of any reason why the judge would decide to go below the guidelines range and impose a lower sentence. So Vidal-Reyes simply — there may be cases in the future where the Vidal-Reyes issue will be squarely presented. I just don't see that this is one. I don't see that the district court committed error of any kind. He gave what he thought was an appropriate sentence. I don't see any reason to think that he calculated it incorrectly or that he wanted to go below the guidelines but thought he couldn't, as counsel has argued. Do you have any further questions? I think we have the case well briefed, so we have your argument at hand. Thank you. Thank you. Thank you, both issues well presented by both sides. The case, as heard, will be submitted for decision. The next case on the oral argument calendar this morning is United States v. Parker.
judges: Fogel, Thomas, Silverman